# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL LEROY THOMAS #364-124
    Petitioner
                               :

v.                                     :    CIVIL ACTION NO. RDB-14-304

WARDEN BETTY JOHNSON, et al.,      :
    Respondents

## MEMORANDUM OPINION

Respondents move to dismiss Michael Leroy Thomas' Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d).[1] (ECF No. 6). Thomas has responded, arguing his case should be deemed tolled pursuant to 28 U.S.C. 2244(d)(1)(a) for the period during which both post-conviction proceedings and a writ of error coram nobis were pending. (ECF No. 8, pp. 1-2). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

## Procedural History

On April 19, 2006, Thomas pled guilty in the Circuit Court for Baltimore City to one count of sexual offense in the third degree. (ECF No. 6-1; ECF No. 1). On June 21, 2006, Thomas was sentenced to ten years of incarceration, with all but two years suspended, and five years of probation upon release. *Id.* Thomas did not seek leave to appeal the entry of his guilty

---

[1] Respondents suggest that Thomas is no longer in custody pursuant to the judgment of conviction at issue here. (ECF No. 6, pp. 4-5 and 6-1 (docket entries)). If no longer in custody on the challenged conviction, Thomas would not be entitled to habeas corpus relief in this Court. *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 390 U.S. 488, 490 (1989). The undersigned notes that Thomas filed a writ of coram nobis in the Circuit Court for Baltimore City on November 26, 2012. The reason for denying the writ—which almost certainly was filed pro se-- is not apparent: it may have been denied because it was premature. Because it unclear whether the sentence has been completed, the Court will not rely on the "in custody" argument but will instead determine whether Thomas' Petition is timely.

1

plea, and his judgment of conviction became final on July 21, 2006, when the time for doing so expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2006) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

On June 7, 2007, Thomas filed a petition for post-conviction relief in the Circuit Court for Baltimore City. That petition was withdrawn on June 8, 2010. (ECF No. 6-1; ECF No. 1). On January 26, 2012, Thomas filed another petition for post-conviction relief in the Circuit Court which he later withdrew on September 13, 2012. *Id.*

On October 19, 2012, Thomas filed a petition for a writ of error coram nobis in the Circuit Court. ECF No. 1, p. 5; ECF No. 6-1. The writ was denied on August 2, 2013. (ECF No. 8, pp. 1-2). Thomas did not appeal. (ECF No. 6-1). The instant Petition for Writ of Habeas Corpus was received by the Clerk on January 30, 2014.[2]

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d). The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1) (A). Here, the period began to run on July 21, 2006. The limitations period was tolled on June 7, 2007, when Thomas' first post-conviction was filed. When the post-conviction petition was withdrawn on June 8, 2010, 44 days remained in the 365-day limitations period. Thomas' next petition for post-conviction relief was not filed until January 26, 2012, more than 17 months after the limitations period expired. That petition was

---

[2] For the purposes of assessing timeliness under 28 U.S.C. § 2254, the Court will deem the Petition to be file on the signature date, January 23, 2014. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

withdrawn after the writ of error coram nobis was filed.[3] An additional five months expired between the denial of the writ of error coram nobis and the filing of the instant Petition. Thus, when the instant Petition for Writ of Habeas Corpus was filed, the statutory limitations period had long expired.

The statutory limitations period may be equitably tolled. In order to be entitled to equitable tolling, Thomas must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Thomas from timely completing post-conviction relief. No objective reason for the repeated filing and withdrawing of post-conviction petitions is provided. To the extent delay in completing post-conviction review might be attributed to Thomas' lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Thomas has failed to satisfy his burden to demonstrate that equitable tolling is warranted,[4] and his claims for habeas corpus relief are time-barred. For the reasons stated herein, this Court will deny and dismiss the Petition. A Certificate of Appealability will not

---

[3] This Court makes no finding as to whether filing of the writ of error coram nobis constituted a "properly filed" petition that further tolled the limitations period.

[4] Consonant with *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Thomas was provided an opportunity to address why equitable tolling should apply. (ECF No. 7).

3

issue because Thomas has not made a "substantial showing of the denial of a constitutional right."[5]

A separate Order follows.

MAY 21, 2014
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[5] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Delaney from requesting a certificate of appealability from the appellate court.

4